UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCIS J. VON MALDER on behalf of Himself and Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>MORTON HOSPITAL, A STEWARD FAMILY HOSPITAL, INC., and MORTON HOSPITAL AND MEDICAL CENTER, INC.,<br><br>       Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant Morton Hospital, a Steward Family Hospital, Inc., ("Morton") hereby removes the above-captioned action, currently pending in Plymouth County (Massachusetts) Superior Court, to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §1446. The grounds for removal are as follows:

### Background

1. Plaintiff Francis J. Von Malder ("Von Malder") filed his Complaint on January 13, 2022, in Plymouth County (Massachusetts) Superior Court ("State Court Action"). The case was docketed with civil action number 2283-CV-00026. Von Malder filed an Amended Complaint on January 25, 2022.

2. On or about January 31, 2022, Morton was served with a package containing a summons addressed to Defendant Morton Hospital and Medical Center, Inc.,[1] the Amended Complaint, and other process and orders. Pursuant to 28 U.S.C. § 1446(a), a copy of the summons, Amended Complaint, and other process and orders are attached collectively as **Exhibit A**.

---

[1] Defendant Morton Hospital and Medical Center, Inc. is not affiliated with Steward Health Care System LLC.

3. Morton is entitled to remove the State Court Action at any time up to 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which the action is based. 28 U.S.C. § 1446(b).

4. Morton's filing of this Notice of Removal is therefore timely, regardless of whether service has been properly effectuated.[2]

5. As shown below, this case is removable to federal court based on federal question jurisdiction. *See* 28 U.S.C. §§ 1331 (conferring jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States"), 1441(c)(1)A).

### Grounds for Removal

6. The State Court Action is based on Plaintiff's allegations that his employment with Defendants was, at all times, "protected by a collective bargaining agreement," and that Defendants' "breached the Union Agreement" by failing to: (1) pay him (and his "co-workers") for all hours worked; and (2) comply with certain notice requirements before terminating his employment. *See* Amended Complaint, ¶¶ 1, 7-23, 37-38, 43, 46-47.

7. Based on these factual allegations, Plaintiff's Amended Complaint asserts three causes of action: (Count I) nonpayment of earned wages (M.G.L. c. 149), (Count II) breach of the "Union Agreement," and (Count III) wrongful termination.

8. Plaintiff's claims, although framed as state law claims, trigger federal question jurisdiction under the complete preemption doctrine. The doctrine of complete preemption "applies where a purported state law claim . . . is re-characterized as a federal claim such that it is

---

[2] By filing a Notice of Removal in this matter, Defendants do not waive their rights to object to service of process, sufficiency of process, jurisdiction over the person, or venue, and they specifically reserve their right to assert any defenses and/or objections to which they may be entitled.

said to arise under federal law and permit removal to federal court." *Rueli v. Baystate Health, Inc.*, 835 F.3d 53, 57 (1st Cir. 2016).

9. Section 301 of the Labor Management Relations Act ("LMRA") gives jurisdiction to a federal court when the state law claims require the analysis and interpretation of provisions in a collective bargaining agreement. *See Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 17 (1st Cir. 2018).

10. In the Amended Complaint, Plaintiff acknowledges and refers to provisions of the collective bargaining agreement that purport to support his claims, *i.e.*, that additional wages are owed and sufficient notice of termination was not provided. *See* Amended Complaint, ¶¶ 11, 12. Thus, the adjudication of Plaintiff's state-law claims require "interpretation of one or more provisions" of the operative collective bargaining agreement. *See Rose v. RTN Fed. Credit Union*, 1 F.4th 56, 61 (1st Cir. 2021), citing *Adames v. Executive Airlines, Inc.*, 258 F.3d 7, 11-12 (1st Cir. 2001).

11. Accordingly, Plaintiff's claims, including for violation of the Massachusetts Wage Act, fall "within the LMRA's preemptive sweep" and are subject to removal. *Id.*; *see also Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 7-8 (1st Cir. 2012) (finding Wage Act claim preempted when "determining what (if anything) is owed" was an "inevitable issue" and would "depend[] at least arguably on interpretations and applications of the CBA"); *Rueli*, 835 F.3d at 57 ("Where plaintiffs bring multiple state-law claims based on the 'same nucleus of operative facts,' the court need only determine whether one of them is completely preempted and, therefore, removable. If so, the others may also be removed—even if they are not completely preempted, they will be subject to supplemental jurisdiction in federal court.") (internal citations omitted).

WHEREFORE, this action should proceed in the United States District Court for the District of Massachusetts, as an action properly removed thereto.

Respectfully submitted,

MORTON HOSPITAL, A STEWARD FAMILY HOSPITAL, INC.,

By its Attorneys,

*/s/ Seth J. Robbins*
Howard M. Cooper, BBO #543842
hcooper@toddweld.com
Seth J. Robbins, BBO #655146
srobbins@toddweld.com
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
617-720-2626

Dated: February 7, 2022

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing Notice of Removal was served by email upon all counsel of record in the State Court Action on February 7, 2022.

Stach Klein Verde, Esq.
Reservitz McClusky, PC
1325 Belmont Street
Brockton, MA  02301

*/s/ Seth J. Robbins*
Seth J. Robbins
