# Exhibit A

L.S.

| Summons | CIVIL DOCKET NO.<br>2283CV00026 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|
| CASE NAME:<br><br>Francis Von Malder<br>VS.      Plaintiff(s)<br><br>Morton Hospital, A Steward Family Hospital, Inc. and Morton Hospital And Medical Center, Inc.    Defendant(s) | | Robert S. Creedon, Jr.    Clerk of Courts<br>Plymouth    County<br>COURT NAME & ADDRESS:<br>Plymouth County Superior Court<br>72 Belmont Street<br>Brockton, MA 02301 |

THIS SUMMONS IS DIRECTED TO <u>Morton Hospital and Medical Center, Inc.</u> (Defendant's name)
88 Washington Street, Taunton, MA 02780

<u>You are being sued.</u> The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Plymouth Superior Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. <u>**You must respond to this lawsuit in writing within 20 days.**</u>

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

     a) Filing your **signed original** response with the Clerk's Office for Civil Business, Plymouth Superior Court 72 Belmont Street, Brockton, MA 02301 (address), by mail or in person **AND**

     b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 1325 Belmont Street, Brockton, MA 02301

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

A True Attested Copy

_[signature]_ 1/31/22

BRISTOL COUNTY DEPUTY SHERIFF

RECEIVED
1/25/2022

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.   SUPERIOR COURT DEPARTMENT
BROCKTON DIVISION
DOCKET NO: 2283CV00026

| | |
|---|---|
| FRANCIS J. VON MALDER on behalf of Himself and Others Similarly Situated, Plaintiff, <br><br> VS. <br><br> MORTON HOSPITAL, A STEWARD FAMILY HOSPITAL, INC., and MORTON HOSPITAL AND MEDICAL CENTER, INC., Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

## AMENDED COMPLAINT

1. This is a wage class action and a breach of contract action in which the Plaintiff seeks an award of damages, injunctive relief, and attorney's fees and costs arising out of the Defendants' violations of the Massachusetts Wage Act and breach of the Agreement between Steward Healthcare System and 1199SEIU United Healthcare Workers East.

## PARTIES

2. The Plaintiff, Francis J. Von Malder, is a natural person with a usual place of residence in East Bridgewater, Plymouth County, Massachusetts.

3. The Defendant, Morton Hospital, a Steward Family Hospital, Inc., is a foreign corporation with a usual place of business at 1900 North Pearl Street, Suite 2400, Dallas, Texas, 75201 and a Registered Agent of C T Corporation System, 155 Federal Street, Suite 700, Boston, Suffolk County, Massachusetts, 02110.

1

4. The Defendant, Morton Hospital and Medical Center, Inc., is a Massachusetts corporation with a usual place of business at 88 Washington Street, Taunton, Bristol County, Massachusetts, 02780.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in the Court because the Defendant regularly transacts business within the Commonwealth of Massachusetts.

6. Venue is proper in Plymouth County because the Plaintiff resides in Plymouth County.

## FACTS

7. Plaintiff was employed by Defendants from approximately December 1, 2018 to December, 2020.

8. Plaintiff's primary job included, but was not limited to, environmental services.

9. Until approximately July, 2020, Plaintiff was paid on an hourly basis at the rate of $15.30 for environmental services with provisions for a differential depending on his work schedule.

10. Plaintiff has been a member of 1199SEIU United Healthcare Workers East union ("Union") since the beginning of his employment with Defendants, on or about December 1, 2018.

11. The Union Agreement provides for the employer to be able to discipline, suspend, or discharge an employee for Just Cause only unless the employee is on probation.

12. The Union Agreement provides for an employee to be notified of a meeting being held prior to such discipline, suspension, or discharge.

13. Defendants had failed to fully compensate him, as well as his co-workers, for all hours worked.

14. The unpaid wages consist of $0.30 to $0.40 per week.

15. Plaintiff reported his claim of unpaid wages to his union representative.

16. In approximately July, 2020, Plaintiff was on leave from work as a result of a medical condition pursuant to 29 U.S.C., §2601 ("Family Medical Leave Act").

17. Plaintiff was ready to return to work on or about September 1, 2020 following his medical leave of absence.

18. Plaintiff called Defendants' Human Resources Department with respect to his return to work, but received no returned calls or correspondence.

19. In approximately November, 2020, Plaintiff attended and completed a work training which he paid to attend, however, he was never reimbursed by Defendants for said training.

20. In approximately January, 2021, Plaintiff discovered that Defendants had terminated his health insurance.

21. When Plaintiff contacted Human Resources about his health insurance, he was told that he had been terminated.

22. Plaintiff was never previously notified of his termination from employment.

23. At the time Defendants ceased payment of wages, Plaintiff had approximately 140 hours of vacation time in his bank.

24. Since approximately September, 2020, Plaintiff has submitted approximately sixty-six (66) job applications to Defendants through on-line applications.

25. Plaintiff has satisfied all prerequisites and conditions precedent necessary to seek remedy against the Defendant by this action. See Letter from Attorney General addressed to Francis J. Von Malder, attached hereto as Exhibit A.

26. The members of the Rule 23 class are readily ascertainable because the number and identity of the Rule 23 class members are determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23. This action is properly maintainable as a class action under Mass. R. Civ. P. 23(a)-(b).

27. The Rule 23 class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the Parties and the Court. Upon information and belief, there are at least 50, if not significantly more, Rule 23 class members for the pertinent period of time.

28. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 class member, and the relief sought is typical of the relief which would be

sought by each Rule 23 class member in separate actions. All the Rule 23 class members were subject to the same practices of Defendants, as alleged herein: failure to pay wages for all hours worked.

29. Plaintiff and other Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendants' failure to pay wages in compliance with Massachusetts Payment of Wages Law. Plaintiff and the Rule 23 class members have all been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' company-wide policies and practices affected all Rule 23 class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each of the Rule 23 class members. Although the amount of the individual class members' damages may vary depending on their periods of employment, those damages are readily ascertainable from the Defendants' financial records. As a result, common issues of liability predominate over individualized issues of damages.

30. Plaintiff is able to fairly and adequately protect the interest of the Rule 23 class members and have no interests antagonistic to the Rule 23 class members. Plaintiff is represented by attorneys who are experienced and competent in both employment litigation and class action litigation.

31. A class action is superior to other available methods for the fair and efficient adjudication of these claims, particularly in the context of wage-and-hour litigation where individual class members may lack the financial resources to vigorously prosecute a lawsuit against corporate defendants and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Among other things, individual adjudications would result in highly inefficient duplication of discovery, briefing of legal issues, and court proceedings. Moreover, in the absence of class action, the relatively modest amount of each class member's damages likely does not warrant separate legal action. If appropriate, the Court is empowered to fashion methods to efficiently manage this action as a class action.

32. Common questions of law and fact exist as to the Rule 23 class members that predominate over any question only affecting Plaintiff and the Rule 23 class members individually. These questions include whether the Rule 23 class members were paid for all hours worked.

33. Plaintiff seeks certification of a class of similarly situated employees, who worked for Defendants, in Massachusetts at any time within three years of the commencement of this action up through the time of judgment.

## COUNT I: MASSACHUSETTS WAGE ACT CLAIM AGAINST ALL DEFENDANTS

34. Plaintiff restates and alleges the averments contained in Paragraphs 1 through 33 and incorporate same by reference herein.

35. Defendants were Plaintiff's "employer" at all relevant times within the meaning of the Massachusetts Wage Act (M.G.L. c. 149) (referred to as Wage Act")

36. Plaintiff was an "employee" of the Defendants within the meaning of the Wage Act.

37. Defendants failed to pay wages to the Plaintiff for his work performed.

38. Defendants failed to pay all employees similarly situated to Plaintiff for all hours worked.

39. Defendants' failure to pay wages owed to Plaintiff and all other employees similarly situated as required by the Wage Act constituted outrageous conduct that was undertaken with either an evil motive or reckless indifference by the Defendants of the rights of Plaintiff and all other employees similarly situated.

40. As a result of the Defendants' violations of Massachusetts law set forth above, Plaintiff and all other employees similarly situated have incurred damages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

## COUNT 2. BREACH OF CONTRACT AGAINST ALL DEFENDANTS

41. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 40 and incorporates same by reference herein.

42. The Parties entered into the Union Agreement when Plaintiff began his employment with Defendants in December 2018.

43. Defendants breached the Union Agreement by failing to comply with the notice requirements before terminating Plaintiff's employment.

44. Plaintiff has been harmed as a result of Defendants' breach of contract in an amount to be determined at trial.

5

## COUNT III - WRONGFUL TERMINATION AGAINST ALL DEFENDANTS

45. The Plaintiff restates and realleges the averments contained in Paragraphs 1 through 44 and incorporates same by reference herein.

46. Massachusetts law forbids employers from terminating an employee protected by a collective bargaining agreement without just cause.

47. The Plaintiff was protected by the Union Agreement during his employment with Defendants.

48. The Defendants' termination of the Plaintiff violated Massachusetts law in that there was no just cause for said termination.

49. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all similarly situated employees request that this Court enter the following relief:

1. Certification of this case as a class action relating to violation of the Massachusetts Wage Act;

2. An award of damages for all wages and other losses to which Plaintiff and similarly situated employees are entitled;

3. Statutory trebling of all wage-related damages;

4. Back pay as a result of the termination of employment;

5. Attorneys' fees, costs, and interest; and

6. Such further relief as the Court deems fair and just.

## JURY DEMAND

Plaintiff demands a TRIAL BY JURY on all claims so triable.

Dated: January 25, 2022

BY HIS ATTORNEY,

Stacey Klein Verde, Esq.
BBO# 662917
Reservitz McCluskey, P.C.
1325 Belmont Street
Brockton, MA 02301
Tel. No.: (508) 588-5010
stacey@rmlawma.com

# Exhibit A



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

January 15, 2021

Francis Von Malder
47 Surrey Lane
East Bridgewater, MA  02333

RE: Steward / Morton Hospital

Dear Francis Von Malder:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Workers in Massachusetts have the right to sue their employers for some violations of wage and hour laws. This is called the worker's "private right of action." Workers who win their wage and hour cases in court have a right to collect triple damages, attorneys' fees, and court costs.

The Fair Labor Division receives and reviews thousands of complaints each year and must make difficult decisions about which cases it will pursue on the worker's behalf. We have reviewed your complaint and have decided not to investigate your complaint further. <u>This is not a determination of the merits of your case</u>. It does mean, however, that this Office will not be taking any further action on your complaint. **This is your Private Right of Action Letter.**

You may be able to pursue this matter through a private lawsuit, either on your own or with the assistance of a private attorney. There are strict deadlines for starting a lawsuit. The deadline (statute of limitations) for most wage and hour violations is three years. Workers who miss the deadline will not be able to sue.

**If you need help taking action, you may be interested in seeking free legal assistance at the next Wage Theft Clinic. A flyer with information about the Wage Theft Clinic is included.**

We would also like to refer you to the following resource who may be able to assist you:

National Labor Relations Board, Regional Office
10 Causeway Street, 6th Floor
Boston, MA 02222-1001
Phone: (617) 565-6700
Fax: (617) 565-6725
8:30am - 5:00pm ET



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

March 23, 2021

Francis Von Malder
47 Surrey Lane
East Bridgewater, MA 02333

RE: Steward / Morton Hospital

Dear Francis Von Malder:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Workers in Massachusetts have the right to sue their employers for some violations of wage and hour laws. This is called the worker's "private right of action." Workers who win their wage and hour cases in court have a right to collect triple damages, attorneys' fees, and court costs.

The Fair Labor Division receives and reviews thousands of complaints each year and must make difficult decisions about which cases it will pursue on the worker's behalf. We have reviewed your complaint and have decided not to investigate your complaint further. This is not a determination of the merits of your case. It does mean, however, that this Office will not be taking any further action on your complaint. **This is your Private Right of Action Letter.**

You may be able to pursue this matter through a private lawsuit, either on your own or with the assistance of a private attorney. There are strict deadlines for starting a lawsuit. The deadline (statute of limitations) for most wage and hour violations is three years. Workers who miss the deadline will not be able to sue.

**If you need help taking action, you may be interested in seeking free legal assistance at the next Wage Theft Clinic. A flyer with information about the Wage Theft Clinic is included.**

We would also like to refer you to the following resource who may be able to assist you:

Massachusetts Commission Against Discrimination (MCAD)
1 Ashburton Place, Suite 601
Boston, MA 02108
617-994-6000

| AMENDED CIVIL ACTION COVER SHEET | DOCKET NUMBER 2283CV00026 | Trial Court of Massachusetts The Superior Court | |
|---|---|---|---|
| Plaintiff: Francis Von Malder | | COUNTY Plymouth Superior Court (Plymouth) | |
| ADDRESS: 47 Surrey Lane, East Bridgewater, MA 02333 | | Defendant: Morton Hospital, A Steward Family Hospital, Inc. and Morton Hospital and Medical Center, Inc. | |
| | | ADDRESS: 1900 North Pearl Street, Suite 2400, Dallas, TX 75201 c/o C T Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110 88 Washington Street, Taunton, MA 02780 | |
| Plaintiff Attorney: Stacey Klein Verde, Esq. | | Defendant Attorney: | |
| ADDRESS: 1325 Belmont Street, Brockton, MA 02301 | | ADDRESS: | |
| BBO: 662917 | | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Other Tortious Action | F | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES  ☐ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☐ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
1. Total hospital expenses — $0.00
2. Total doctor expenses — $0.00
3. Total chiropractic expenses — $0.00
4. Total physical therapy expenses — $0.00
5. Total other expenses (describe below) — $0.00
— $0.00

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date —
C. Documented property damages to date — $42,282.60
D. Reasonably anticipated future medical and hospital expenses — $0.00
E. Reasonably anticipated lost wages — $0.00
F. Other documented items of damages (describe below) — $10,000.00
— $0.00

TOTAL (A-F): $52,282.60

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
wrongful termination and wage claim

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X [signature]   Date: January 25, 2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X [signature]   Date: January 25, 2022

SC0001: 1/22/2021   www.mass.gov/courts   Date/Time Printed:01-25-2022 07:59:38

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 BROCKTON DIVISION
                                                 DOCKET NO: 2283CV00026

FRANCIS J. VON MALDER on behalf )
of Himself and Others Similarly Situated, )
Plaintiff, )
 )
VS. )
 )
MORTON HOSPITAL, A STEWARD )
FAMILY HOSPITAL, INC., and )
MORTON HOSPITAL AND MEDICAL )
CENTER, INC., )
Defendants. )

## COUNSEL CERTIFICATION FOR DISPUTE RESOLUTION

I represent the Plaintiff in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part, "Attorneys shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent.

I hereby certify that I have complied with this requirement.

Stacey Klein Verde, Esq.
BBO#: 662917

Dated: January 25, 2022

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2283CV00026 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Francis Von Malder vs. Morton Hospital, A Steward Family Hospital, Inc. et al | | Robert S. Creedon, Jr., Clerk of Courts |
| TO: Stacey Klein Verde, Esq. Reservitz McCluskey, PC 1325 Belmont St Brockton, MA 02301 | | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                   **DEADLINE**

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 04/13/2022 |  |
| Response to the complaint filed (also see MRCP 12) |  | 05/13/2022 |  |
| All motions under MRCP 12, 19, and 20 | 05/13/2022 | 06/13/2022 | 07/12/2022 |
| All motions under MRCP 15 | 05/13/2022 | 06/13/2022 | 07/12/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 11/09/2022 |  |  |
| All motions under MRCP 56 | 12/09/2022 | 01/09/2023 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 05/08/2023 |
| Case shall be resolved and judgment shall issue by |  |  | 01/15/2024 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED 01/13/2022 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 01-13-2022 14:07:29                                                              SCV026\ 08/2018