

# COMMONWEALTH OF MASSACHUSETTS
## PLYMOUTH COUNTY
### Docket Report

**2283CV00026 Von Malder, Francis vs. Morton Hospital, A Steward Family Hospital, Inc. et al**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 01/13/2022 |
| **ACTION CODE:** B99 | | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** Other Tortious Action | | | |
| **CASE DISPOSITION DATE:** | | **CASE STATUS:** | Open |
| **CASE DISPOSITION:** | Pending | **STATUS DATE:** | 01/13/2022 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil A Brockton |

### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 04/13/2022 | |
| Rule 15 Served By | 05/13/2022 | |
| Answer | 05/13/2022 | |
| Rule 12/19/20 Served By | 05/13/2022 | |
| Rule 15 Filed By | 06/13/2022 | |
| Rule 12/19/20 Filed By | 06/13/2022 | |
| Rule 15 Heard By | 07/12/2022 | |
| Rule 12/19/20 Heard By | 07/12/2022 | |
| Discovery | 11/09/2022 | |
| Rule 56 Served By | 12/09/2022 | |
| Rule 56 Filed By | 01/09/2023 | |
| Final Pre-Trial Conference | 05/08/2023 | |
| Judgment | 01/15/2024 | |

### PARTIES

**Plaintiff**
Von Malder, Francis
47 Surrey Lane
East Bridgewater, MA 02333

**Attorney** 662917
Stacey Klein Verde
Reservitz McCluskey, PC
Reservitz McCluskey, PC
1325 Belmont St
Brockton, MA 02301
Work Phone (508) 588-5010
Added Date: 01/13/2022

**Defendant**
Morton Hospital & Medical Center, Inc.
88 Washington Street
Taunton, MA 02780

A TRUE COPY ATTEST

Clerk of Courts



**COMMONWEALTH OF MASSACHUSETTS**
**PLYMOUTH COUNTY**
**Docket Report**

| Defendant | Attorney | 655146 |
|---|---|---|
| Morton Hospital, A Steward Family Hospital, Inc.<br>1900 North Pearl Street, Suite 2400<br>Dallas, TX 75201 | Seth J Robbins<br>Todd and Weld LLP<br>Todd and Weld LLP<br>One Federal St 27th Floor<br>Boston, MA 02110-2012<br>Work Phone (617) 720-2626<br>Added Date: 02/08/2022 | |

| FINANCIAL DETAILS | | | | | |
|---|---|---|---|---|---|
| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
| 01/13/2022 | Civil Filing Fee (per Plaintiff) Receipt: 19800 Date: 01/13/2022 | 240.00 | 240.00 | 0.00 | 0.00 |
| 01/13/2022 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 19800 Date: 01/13/2022 | 20.00 | 20.00 | 0.00 | 0.00 |
| 01/13/2022 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 19800 Date: 01/13/2022 | 15.00 | 15.00 | 0.00 | 0.00 |
| 01/13/2022 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 19800 Date: 01/13/2022 | 10.00 | 10.00 | 0.00 | 0.00 |
| | **Total** | **285.00** | **285.00** | **0.00** | **0.00** |



**COMMONWEALTH OF MASSACHUSETTS**
**PLYMOUTH COUNTY**
**Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 01/13/2022 | 1 | Complaint electronically filed. | |
| 01/13/2022 | 2 | Civil action cover sheet filed. | |
| 01/13/2022 | | Case assigned to:<br>DCM Track F - Fast Track was added on 01/13/2022 | |
| 01/13/2022 | 3 | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney: Stacey Klein Verde, Esq. stacey@rmlawma.com<br>Defendant: Morton Hospital, A Steward Family Hospital, Inc. 1900 North Pearl Street, Suite 2400, Dallas, TX 75201<br>Defendant: Morton Hospital & Medical Center, Inc. 88 Washington Street, Taunton, MA 02780 | |
| 01/13/2022 | | Case sent to Plymouth Superior - BROCKTON Location. | |
| 01/25/2022 | 4 | Amended: original complaint filed by Francis Von Malder<br>to update the defendants' party information. | |
| 01/25/2022 | 5 | Civil action cover sheet filed.<br><br>amended | |
| 01/25/2022 | 6 | Plaintiff files Uniform Counsel Certification.<br><br>Applies To: Verde, Esq., Stacey Klein (Attorney) on behalf of Von Malder, Francis (Plaintiff) | |
| 02/08/2022 | 7 | Attorney appearance<br>On this date Seth J Robbins, Esq. added for Defendant Morton Hospital, A Steward Family Hospital, Inc. | |
| 02/08/2022 | 8 | Notice of Removal to the United States District Court filed by<br><br>Applies To: Morton Hospital, A Steward Family Hospital, Inc. (Defendant) | |
| 02/10/2022 | 9 | Service Returned for<br>Defendant Morton Hospital & Medical Center, Inc.: Service through person in charge / agent; | |

**RECEIVED**

1/13/2022

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
BROCKTON DIVISION
DOCKET NO.:

| | |
|---|---|
| FRANCIS J. VON MALDER on behalf of Himself and Others Similarly Situated, Plaintiff, | ) ) ) ) |
| VS. | ) ) |
| MORTON HOSPITAL, A STEWARD FAMILY HOSPITAL, INC., and MORTON HOSPITAL AND MEDICAL CENTER, INC., Defendants. | ) ) ) ) ) ) |

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JAN 1 3 2022

Clerk of Court

## COMPLAINT

1. This is a wage class action and a breach of contract action in which the Plaintiff seeks an award of damages, injunctive relief, and attorney's fees and costs arising out of the Defendants' violations of the Massachusetts Wage Act and breach of the Agreement between Steward Healthcare System and 1199SEIU United Healthcare Workers East.

## PARTIES

2. The Plaintiff, Francis J. Von Malder, is a natural person with a usual place of residence in East Bridgewater, Plymouth County, Massachusetts.

3. The Defendant, Morton Hospital, a Steward Family Hospital, Inc., is a foreign corporation with a usual place of business at 1900 North Pearl Street, Suite 2400, Dallas, Texas.

1

A TRUE COPY ATTEST

Clerk of Courts

4. The Defendant, Morton Hospital and Medical Center, Inc., is a Massachusetts

   corporation with a usual place of business at 88 Washington Street, Taunton,

   Bristol County, Massachusetts.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in the Court because the Defendant regularly transacts

   business within the Commonwealth of Massachusetts.

6. Venue is proper in Plymouth County because the Plaintiff resides in Plymouth

   County.

## FACTS

7. Plaintiff was employed by Defendants from approximately December 1, 2018 to
   December, 2020.

8. Plaintiff's primary job included, but was not limited to, environmental services.

9. Until approximately July, 2020, Plaintiff was paid on an hourly basis at the rate of
   $15.30 for environmental services with provisions for a differential depending on
   his work schedule.

10. Plaintiff has been a member of 1199SEIU United Healthcare Workers East union
    ("Union") since the beginning of his employment with Defendants, on or about
    December 1, 2018.

11. The Union Agreement provides for the employer to be able to discipline, suspend,
    or discharge an employee for Just Cause only unless the employee is on
    probation.

12. The Union Agreement provides for an employee to be notified of a meeting being
    held prior to such discipline, suspension, or discharge.

13. Defendants had failed to fully compensate him, as well as his co-workers, for all
    hours worked.

14. The unpaid wages consist of $0.30 to $0.40 per week.

15. Plaintiff reported his claim of unpaid wages to his union representative.

16. In approximately July, 2020, Plaintiff was on leave from work as a result of a medical condition pursuant to 29 U.S.C., §2601 ("Family Medical Leave Act").

17. Plaintiff was ready to return to work on or about September 1, 2020 following his medical leave of absence.

18. Plaintiff called Defendants' Human Resources Department with respect to his return to work, but received no returned calls or correspondence.

19. In approximately November, 2020, Plaintiff attended and completed a work training which he paid to attend, however, he was never reimbursed by Defendants for said training.

20. In approximately January, 2021, Plaintiff discovered that Defendants had terminated his health insurance.

21. When Plaintiff contacted Human Resources about his health insurance, he was told that he had been terminated.

22. Plaintiff was never previously notified of his termination from employment.

23. At the time Defendants ceased payment of wages, Plaintiff had approximately 140 hours of vacation time in his bank.

24. Since approximately September, 2020, Plaintiff has submitted approximately sixty-six (66) job applications to Defendants through on-line applications.

25. Plaintiff has satisfied all prerequisites and conditions precedent necessary to seek remedy against the Defendant by this action. See Letter from Attorney General addressed to Francis J. Von Malder, attached hereto as Exhibit A.

26. The members of the Rule 23 class are readily ascertainable because the number and identity of the Rule 23 class members are determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23. This action is properly maintainable as a class action under Mass. R. Civ. P. 23(a)-(b).

27. The Rule 23 class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the Parties and the Court. Upon information and belief, there are at least 50, if not significantly more, Rule 23 class members for the pertinent period of time.

28. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 class member, and the relief sought is typical of the relief which would be

sought by each Rule 23 class member in separate actions. All the Rule 23 class members were subject to the same practices of Defendants, as alleged herein: failure to pay wages for all hours worked.

29. Plaintiff and other Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendants' failure to pay wages in compliance with Massachusetts Payment of Wages Law. Plaintiff and the Rule 23 class members have all been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' company-wide policies and practices affected all Rule 23 class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each of the Rule 23 class members. Although the amount of the individual class members' damages may vary depending on their periods of employment, those damages are readily ascertainable from the Defendants' financial records. As a result, common issues of liability predominate over individualized issues of damages.

30. Plaintiff is able to fairly and adequately protect the interest of the Rule 23 class members and have no interests antagonistic to the Rule 23 class members. Plaintiff is represented by attorneys who are experienced and competent in both employment litigation and class action litigation.

31. A class action is superior to other available methods for the fair and efficient adjudication of these claims, particularly in the context of wage-and-hour litigation where individual class members may lack the financial resources to vigorously prosecute a lawsuit against corporate defendants and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Among other things, individual adjudications would result in highly inefficient duplication of discovery, briefing of legal issues, and court proceedings. Moreover, in the absence of class action, the relatively modest amount of each class member's damages likely does not warrant separate legal action. If appropriate, the Court is empowered to fashion methods to efficiently manage this action as a class action.

32. Common questions of law and fact exist as to the Rule 23 class members that predominate over any question only affecting Plaintiff and the Rule 23 class members individually. These questions include whether the Rule 23 class members were paid for all hours worked.

33. Plaintiff seeks certification of a class of similarly situated employees, who worked for Defendants, in Massachusetts at any time within three years of the commencement of this action up through the time of judgment.

## COUNT I: MASSACHUSETTS WAGE ACT CLAIM AGAINST ALL DEFENDANTS

34. Plaintiff restates and alleges the averments contained in Paragraphs 1 through 33 and incorporate same by reference herein.

35. Defendants were Plaintiff's "employer" at all relevant times within the meaning of the Massachusetts Wage Act (M.G.L. c. 149) (referred to as Wage Act")

36. Plaintiff was an "employee" of the Defendants within the meaning of the Wage Act.

37. Defendants failed to pay wages to the Plaintiff for his work performed.

38. Defendants failed to pay all employees similarly situated to Plaintiff for all hours worked.

39. Defendants' failure to pay wages owed to Plaintiff and all other employees similarly situated as required by the Wage Act constituted outrageous conduct that was undertaken with either an evil motive or reckless indifference by the Defendants of the rights of Plaintiff and all other employees similarly situated.

40. As a result of the Defendants' violations of Massachusetts law set forth above, Plaintiff and all other employees similarly situated have incurred damages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

## COUNT 2. BREACH OF CONTRACT AGAINST ALL DEFENDANTS

41. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 40 and incorporates same by reference herein.

42. The Parties entered into the Union Agreement when Plaintiff began his employment with Defendants in December 2018.

43. Defendants breached the Union Agreement by failing to comply with the notice requirements before terminating Plaintiff's employment.

44. Plaintiff has been harmed as a result of Defendants' breach of contract in an amount to be determined at trial.

## COUNT III - WRONGFUL TERMINATION AGAINST ALL DEFENDANTS

45. The Plaintiff restates and realleges the averments contained in Paragraphs 1 through 44 and incorporates same by reference herein.

46. Massachusetts law forbids employers from terminating an employee protected by a collective bargaining agreement without just cause.

47. The Plaintiff was protected by the Union Agreement during his employment with Defendants.

48. The Defendants' termination of the Plaintiff violated Massachusetts law in that there was no just cause for said termination.

49. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all similarly situated employees request that this Court enter the following relief:

1.    Certification of this case as a class action relating to violation of the

Massachusetts Wage Act;

2.    An award of damages for all wages and other losses to which Plaintiff and

similarly situated employees are entitled;

3.    Statutory trebling of all wage-related damages;

4.    Back pay as a result of the termination of employment;

5.    Attorneys' fees, costs, and interest; and

6.    Such further relief as the Court deems fair and just.

**JURY DEMAND**

Plaintiff demands a TRIAL BY JURY on all claims so triable.

Dated: 1/13/2022

BY HIS ATTORNEY,

Stacey Klein Verde, Esq.
BBO# 662917
Reservitz McCluskey, P.C.
1325 Belmont Street
Brockton, MA 02301
Tel. No.: (508) 588-5010
stacey@rmlawma.com

# Exhibit
# A



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

January 15, 2021

Francis Von Malder
47 Surrey Lane
East Bridgewater, MA 02333

RE: Steward / Morton Hospital

Dear Francis Von Malder:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Workers in Massachusetts have the right to sue their employers for some violations of wage and hour laws. This is called the worker's "private right of action." Workers who win their wage and hour cases in court have a right to collect triple damages, attorneys' fees, and court costs.

The Fair Labor Division receives and reviews thousands of complaints each year and must make difficult decisions about which cases it will pursue on the worker's behalf. We have reviewed your complaint and have decided not to investigate your complaint further. This is not a determination of the merits of your case. It does mean, however, that this Office will not be taking any further action on your complaint. **This is your Private Right of Action Letter.**

You may be able to pursue this matter through a private lawsuit, either on your own or with the assistance of a private attorney. There are strict deadlines for starting a lawsuit. The deadline (statute of limitations) for most wage and hour violations is three years. Workers who miss the deadline will not be able to sue.

**If you need help taking action, you may be interested in seeking free legal assistance at the next Wage Theft Clinic. A flyer with information about the Wage Theft Clinic is included.**

We would also like to refer you to the following resource who may be able to assist you:

National Labor Relations Board, Regional Office
10 Causeway Street, 6th Floor
Boston, MA 02222-1001
Phone: (617) 565-6700
Fax: (617) 565-6725
8:30am - 5:00pm ET



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

March 23, 2021

Francis Von Malder
47 Surrey Lane
East Bridgewater, MA 02333

RE: Steward / Morton Hospital

Dear Francis Von Malder:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Workers in Massachusetts have the right to sue their employers for some violations of wage and hour laws. This is called the worker's "private right of action." Workers who win their wage and hour cases in court have a right to collect triple damages, attorneys' fees, and court costs.

The Fair Labor Division receives and reviews thousands of complaints each year and must make difficult decisions about which cases it will pursue on the worker's behalf. We have reviewed your complaint and have decided not to investigate your complaint further. This is not a determination of the merits of your case. It does mean, however, that this Office will not be taking any further action on your complaint. **This is your Private Right of Action Letter.**

You may be able to pursue this matter through a private lawsuit, either on your own or with the assistance of a private attorney. There are strict deadlines for starting a lawsuit. The deadline (statute of limitations) for most wage and hour violations is three years. Workers who miss the deadline will not be able to sue.

**If you need help taking action, you may be interested in seeking free legal assistance at the next Wage Theft Clinic. A flyer with information about the Wage Theft Clinic is included.**

We would also like to refer you to the following resource who may be able to assist you:

Massachusetts Commission Against Discrimination (MCAD)
1 Ashburton Place, Suite 601
Boston, MA 02108
617-994-6000

2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**COUNTY**

| Plaintiff | Francis Von Malder | Defendant: | Morton Hospital, a Steward Family Hospital, Inc. |
|---|---|---|---|
| ADDRESS: | 47 Surrey Lane | ADDRESS: | 1900 North Pearl Street, Suite 2400, Dallas, TX 75201 |
| | East Bridgewater, MA 02333 | | Morton Hospital & Medical Center, Inc. |
| | | | 88 Washington Street, Taunton, MA 02780 |
| Plaintiff Attorney: | Stacey Klein-Verde, Esq. and Jason Ortiz, Esq. | Defendant Attorney: | |
| ADDRESS: | Reservitz McCluskey, P.C. | ADDRESS: | |
| | 1325 Belmont Street | | |
| | Brockton, MA 02301 | | |
| BBO: | 662917 & Pending | BBO: | |

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Other Tortious Action | F | ☒ YES ☐ NO |

*If "Other" please describe:

JAN 1 3 2022

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?  ☒ YES  ☐ NO

Clerk of Court

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)

Subtotal (1-5): **$0.00**

B. Documented lost wages and compensation to date       $42,282.60

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages       $10,000.00

F. Other documented items of damages (describe below)

TOTAL (A-F): **$52,282.60**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Wrongful termination and wage claim

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Breach of Union Contract | $42,282.60 |
| | Total | **$42,282.60** |

| Signature of Attorney/Unrepresented Plaintiff: X | Date: January 13, 2022 |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X | Date: January 13, 2022 |
|---|---|

A TRUE COPY ATTEST

Clerk of Courts

4

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
BROCKTON DIVISION
DOCKET NO: 2283CV00026

FRANCIS J. VON MALDER on behalf )
of Himself and Others Similarly Situated, )
    Plaintiff, )
                        )
VS. )
                        )
MORTON HOSPITAL, A STEWARD )
FAMILY HOSPITAL, INC., and )
MORTON HOSPITAL AND MEDICAL )
CENTER, INC., )
    Defendants. )



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JAN 2 5 2022

Clerk of Court

### AMENDED COMPLAINT

1. This is a wage class action and a breach of contract action in which the Plaintiff seeks an award of damages, injunctive relief, and attorney's fees and costs arising out of the Defendants' violations of the Massachusetts Wage Act and breach of the Agreement between Steward Healthcare System and 1199SEIU United Healthcare Workers East.

### PARTIES

2. The Plaintiff, Francis J. Von Malder, is a natural person with a usual place of residence in East Bridgewater, Plymouth County, Massachusetts.

3. The Defendant, Morton Hospital, a Steward Family Hospital, Inc., is a foreign corporation with a usual place of business at 1900 North Pearl Street, Suite 2400, Dallas, Texas, 75201 and a Registered Agent of C T Corporation System, 155 Federal Street, Suite 700, Boston, Suffolk County, Massachusetts, 02110.

1

A TRUE COPY ATTEST

Clerk of Courts

4. The Defendant, Morton Hospital and Medical Center, Inc., is a Massachusetts corporation with a usual place of business at 88 Washington Street, Taunton, Bristol County, Massachusetts, 02780.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in the Court because the Defendant regularly transacts business within the Commonwealth of Massachusetts.

6. Venue is proper in Plymouth County because the Plaintiff resides in Plymouth County.

## FACTS

7. Plaintiff was employed by Defendants from approximately December 1, 2018 to December, 2020.

8. Plaintiff's primary job included, but was not limited to, environmental services.

9. Until approximately July, 2020, Plaintiff was paid on an hourly basis at the rate of $15.30 for environmental services with provisions for a differential depending on his work schedule.

10. Plaintiff has been a member of 1199SEIU United Healthcare Workers East union ("Union") since the beginning of his employment with Defendants, on or about December 1, 2018.

11. The Union Agreement provides for the employer to be able to discipline, suspend, or discharge an employee for Just Cause only unless the employee is on probation.

12. The Union Agreement provides for an employee to be notified of a meeting being held prior to such discipline, suspension, or discharge.

13. Defendants had failed to fully compensate him, as well as his co-workers, for all hours worked.

14. The unpaid wages consist of $0.30 to $0.40 per week.

15. Plaintiff reported his claim of unpaid wages to his union representative.

16. In approximately July, 2020, Plaintiff was on leave from work as a result of a medical condition pursuant to 29 U.S.C., §2601 ("Family Medical Leave Act").

17. Plaintiff was ready to return to work on or about September 1, 2020 following his medical leave of absence.

18. Plaintiff called Defendants' Human Resources Department with respect to his return to work, but received no returned calls or correspondence.

19. In approximately November, 2020, Plaintiff attended and completed a work training which he paid to attend, however, he was never reimbursed by Defendants for said training.

20. In approximately January, 2021, Plaintiff discovered that Defendants had terminated his health insurance.

21. When Plaintiff contacted Human Resources about his health insurance, he was told that he had been terminated.

22. Plaintiff was never previously notified of his termination from employment.

23. At the time Defendants ceased payment of wages, Plaintiff had approximately 140 hours of vacation time in his bank.

24. Since approximately September, 2020, Plaintiff has submitted approximately sixty-six (66) job applications to Defendants through on-line applications.

25. Plaintiff has satisfied all prerequisites and conditions precedent necessary to seek remedy against the Defendant by this action. See Letter from Attorney General addressed to Francis J. Von Malder, attached hereto as Exhibit A.

26. The members of the Rule 23 class are readily ascertainable because the number and identity of the Rule 23 class members are determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23. This action is properly maintainable as a class action under Mass. R. Civ. P. 23(a)-(b).

27. The Rule 23 class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the Parties and the Court. Upon information and belief, there are at least 50, if not significantly more, Rule 23 class members for the pertinent period of time.

28. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 class member, and the relief sought is typical of the relief which would be

sought by each Rule 23 class member in separate actions. All the Rule 23 class members were subject to the same practices of Defendants, as alleged herein: failure to pay wages for all hours worked.

29. Plaintiff and other Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendants' failure to pay wages in compliance with Massachusetts Payment of Wages Law. Plaintiff and the Rule 23 class members have all been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' company-wide policies and practices affected all Rule 23 class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each of the Rule 23 class members. Although the amount of the individual class members' damages may vary depending on their periods of employment, those damages are readily ascertainable from the Defendants' financial records. As a result, common issues of liability predominate over individualized issues of damages.

30. Plaintiff is able to fairly and adequately protect the interest of the Rule 23 class members and have no interests antagonistic to the Rule 23 class members. Plaintiff is represented by attorneys who are experienced and competent in both employment litigation and class action litigation.

31. A class action is superior to other available methods for the fair and efficient adjudication of these claims, particularly in the context of wage-and-hour litigation where individual class members may lack the financial resources to vigorously prosecute a lawsuit against corporate defendants and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Among other things, individual adjudications would result in highly inefficient duplication of discovery, briefing of legal issues, and court proceedings. Moreover, in the absence of class action, the relatively modest amount of each class member's damages likely does not warrant separate legal action. If appropriate, the Court is empowered to fashion methods to efficiently manage this action as a class action.

32. Common questions of law and fact exist as to the Rule 23 class members that predominate over any question only affecting Plaintiff and the Rule 23 class members individually. These questions include whether the Rule 23 class members were paid for all hours worked.

33. Plaintiff seeks certification of a class of similarly situated employees, who worked for Defendants, in Massachusetts at any time within three years of the commencement of this action up through the time of judgment.

4

## COUNT I: MASSACHUSETTS WAGE ACT CLAIM AGAINST ALL DEFENDANTS

34. Plaintiff restates and alleges the averments contained in Paragraphs 1 through 33 and incorporate same by reference herein.

35. Defendants were Plaintiff's "employer" at all relevant times within the meaning of the Massachusetts Wage Act (M.G.L. c. 149) (referred to as Wage Act")

36. Plaintiff was an "employee" of the Defendants within the meaning of the Wage Act.

37. Defendants failed to pay wages to the Plaintiff for his work performed.

38. Defendants failed to pay all employees similarly situated to Plaintiff for all hours worked.

39. Defendants' failure to pay wages owed to Plaintiff and all other employees similarly situated as required by the Wage Act constituted outrageous conduct that was undertaken with either an evil motive or reckless indifference by the Defendants of the rights of Plaintiff and all other employees similarly situated.

40. As a result of the Defendants' violations of Massachusetts law set forth above, Plaintiff and all other employees similarly situated have incurred damages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

## COUNT 2. BREACH OF CONTRACT AGAINST ALL DEFENDANTS

41. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 40 and incorporates same by reference herein.

42. The Parties entered into the Union Agreement when Plaintiff began his employment with Defendants in December 2018.

43. Defendants breached the Union Agreement by failing to comply with the notice requirements before terminating Plaintiff's employment.

44. Plaintiff has been harmed as a result of Defendants' breach of contract in an amount to be determined at trial.

## COUNT III - WRONGFUL TERMINATION AGAINST ALL DEFENDANTS

45. The Plaintiff restates and realleges the averments contained in Paragraphs 1 through 44 and incorporates same by reference herein.

46. Massachusetts law forbids employers from terminating an employee protected by a collective bargaining agreement without just cause.

47. The Plaintiff was protected by the Union Agreement during his employment with Defendants.

48. The Defendants' termination of the Plaintiff violated Massachusetts law in that there was no just cause for said termination.

49. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all similarly situated employees request that this Court enter the following relief:

1. Certification of this case as a class action relating to violation of the

Massachusetts Wage Act;

2. An award of damages for all wages and other losses to which Plaintiff and

similarly situated employees are entitled;

3. Statutory trebling of all wage-related damages;

4. Back pay as a result of the termination of employment;

5. Attorneys' fees, costs, and interest; and

6. Such further relief as the Court deems fair and just.

## JURY DEMAND

Plaintiff demands a TRIAL BY JURY on all claims so triable.

Dated: January 25, 2022

BY HIS ATTORNEY,

Stacey Klein Verde, Esq.
BBO# 662917
Reservitz McCluskey, P.C.
1325 Belmont Street
Brockton, MA 02301
Tel. No.: (508) 588-5010
stacey@rmlawma.com

# Exhibit

# A



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

January 15, 2021

Francis Von Malder
47 Surrey Lane
East Bridgewater, MA 02333

RE: Steward / Morton Hospital

Dear Francis Von Malder:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Workers in Massachusetts have the right to sue their employers for some violations of wage and hour laws. This is called the worker's "private right of action." Workers who win their wage and hour cases in court have a right to collect triple damages, attorneys' fees, and court costs.

The Fair Labor Division receives and reviews thousands of complaints each year and must make difficult decisions about which cases it will pursue on the worker's behalf. We have reviewed your complaint and have decided not to investigate your complaint further. This is not a determination of the merits of your case. It does mean, however, that this Office will not be taking any further action on your complaint. **This is your Private Right of Action Letter.**

You may be able to pursue this matter through a private lawsuit, either on your own or with the assistance of a private attorney. There are strict deadlines for starting a lawsuit. The deadline (statute of limitations) for most wage and hour violations is three years. Workers who miss the deadline will not be able to sue.

**If you need help taking action, you may be interested in seeking free legal assistance at the next Wage Theft Clinic. A flyer with information about the Wage Theft Clinic is included.**

We would also like to refer you to the following resource who may be able to assist you:

National Labor Relations Board, Regional Office
10 Causeway Street, 6th Floor
Boston, MA 02222-1001
Phone: (617) 565-6700
Fax: (617) 565-6725
8:30am - 5:00pm ET



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

March 23, 2021

Francis Von Malder
47 Surrey Lane
East Bridgewater, MA 02333

RE: Steward / Morton Hospital

Dear Francis Von Malder:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Workers in Massachusetts have the right to sue their employers for some violations of wage and hour laws. This is called the worker's "private right of action." Workers who win their wage and hour cases in court have a right to collect triple damages, attorneys' fees, and court costs.

The Fair Labor Division receives and reviews thousands of complaints each year and must make difficult decisions about which cases it will pursue on the worker's behalf. We have reviewed your complaint and have decided not to investigate your complaint further. This is not a determination of the merits of your case. It does mean, however, that this Office will not be taking any further action on your complaint. **This is your Private Right of Action Letter.**

You may be able to pursue this matter through a private lawsuit, either on your own or with the assistance of a private attorney. There are strict deadlines for starting a lawsuit. The deadline (statute of limitations) for most wage and hour violations is three years. Workers who miss the deadline will not be able to sue.

**If you need help taking action, you may be interested in seeking free legal assistance at the next Wage Theft Clinic. A flyer with information about the Wage Theft Clinic is included.**

We would also like to refer you to the following resource who may be able to assist you:

Massachusetts Commission Against Discrimination (MCAD)
1 Ashburton Place, Suite 601
Boston, MA 02108
617-994-6000



| AMENDED **CIVIL ACTION COVER SHEET** | DOCKET NUMBER 2283CV00026 | **Trial Court of Massachusetts The Superior Court** |
|---|---|---|

| | | COUNTY **Plymouth Superior Court (Plymouth)** |
|---|---|---|
| Plaintiff Francis Von Malder | | Defendant Morton Hospital, A Steward Family Hospital, Inc. And Morton Hospital and Medical Center, Inc. |
| ADDRESS: 47 Surrey Lane, East Bridgewater, MA 02333 | | ADDRESS: 1900 North Pearl Street, Suite 2400, Dallas, TX 75201 |
| | | c/o C T Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110 |
| | | 88 Washington Street, Taunton, MA 02780 |
| Plaintiff Attorney: Stacey Klein Verde, Esq. | | Defendant Attorney: |
| ADDRESS: 1325 Belmont Street, Brockton, MA 02301 | | ADDRESS: |
| | | |
| | | |
| BBO: 662917 | | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. B99 | TYPE OF ACTION (specify) Other Tortious Action | TRACK F | HAS A JURY CLAIM BEEN MADE? ☒ YES ☐ NO |
|---|---|---|---|

*If "Other" please describe:

Is there a claim under G.L. c. 93A?          Is there a class action under Mass. R. Civ. P. 23?
☐ YES    ☐ NO                              ☐ YES    ☐ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JAN 25 2022

Clerk of Court

| A. Documented medical expenses to date | |
|---|---|
| 1. Total hospital expenses | $0.00 |
| 2. Total doctor expenses | $0.00 |
| 3. Total chiropractic expenses | $0.00 |
| 4. Total physical therapy expenses | $0.00 |
| 5. Total other expenses (describe below) | $0.00 |
| Subtotal (1-5): | $0.00 |
| B. Documented lost wages and compensation to date | $42,282.60 |
| C. Documented property damages to date | $0.00 |
| D. Reasonably anticipated future medical and hospital expenses | $0.00 |
| E. Reasonably anticipated lost wages | $10,000.00 |
| F. Other documented items of damages (describe below) | $0.00 |
| TOTAL (A-F): | $52,282.60 |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

wrongful termination and wage claim

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____    Date: January 25, 2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _____    Date: January 25, 2022

SC0001: 1/22/2021                www.mass.gov/courts                Date/Time Printed:01-25-2022 07:59:38

A TRUE COPY ATTEST

Clerk of Courts

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
BROCKTON DIVISION
DOCKET NO: 2283CV00026

FRANCIS J. VON MALDER on behalf )
of Himself and Others Similarly Situated, )
    Plaintiff, )
                     )
VS. )
                     )
MORTON HOSPITAL, A STEWARD )
FAMILY HOSPITAL, INC., and )
MORTON HOSPITAL AND MEDICAL )
CENTER, INC., )
    Defendants. )



COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JAN 25 2022

Clerk of Court

## COUNSEL CERTIFICATION FOR DISPUTE RESOLUTION

I represent the Plaintiff in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part, "Attorneys shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent.

I hereby certify that I have complied with this requirement.

Stacey Klein Verde, Esq.
BBO#: 662917

Dated: January 25, 2022

A TRUE COPY ATTEST

Clerk of Courts

2/8/2022

RECEIVED

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
BROCKTON DIVISION
DOCKET NO: 2283CV00026

FRANCIS J. VON MALDER on behalf
of Himself and Others Similarly Situated,

Plaintiff,

v.

MORTON HOSPITAL, A STEWARD FAMILY
HOSPITAL, INC., and MORTON HOSPITAL
AND MEDICAL CENTER, INC.
Defendants.

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

FEB - 8 2022

Clerk of Court

## NOTICE OF APPEARANCE

Please enter the appearance of Seth J. Robbins on behalf of Morton Hospital, A Steward

Family Hospital, Inc., in the above-captioned matter.

Respectfully submitted,

MORTON HOSPITAL, A STEWARD FAMILY
HOSPITAL, INC.

By their Attorneys,

/s/ Seth J. Robbins
Seth J. Robbins, BBO #655146
srobbins@toddweld.com
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
617-720-2626

Dated: February 8, 2022

A TRUE COPY ATTEST

Clerk of Courts

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2002, I served the foregoing Notice of Appearance via e-mail and U.S. Mail upon the following counsel of record:

Stach Klein Verde, Esq.
Reservitz McClusky, PC
1325 Belmont Street
Brockton, MA 02301

*/s/ Seth J. Robbins*
Seth J. Robbins

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
BROCKTON DIVISION
DOCKET NO: 2283CV00026

FRANCIS J. VON MALDER on behalf
of Himself and Others Similarly Situated,

Plaintiff,

v.

MORTON HOSPITAL, A STEWARD
FAMILY HOSPITAL, INC., and MORTON
HOSPITAL AND MEDICAL CENTER,
INC.

Defendants.

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

FEB - 8 2022

*Clerk of Court*

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Morton Hospital, A Steward Family Hospital, Inc., ("Defendant") hereby gives notice to the Superior Court of Plymouth County, Massachusetts and to the Plaintiff Francis J. Von Malder, that Defendant has filed a Notice of Removal, thereby removing the above-captioned action to the United States District Court for the District of Massachusetts. Copies of the Notice of Removal and the corresponding Notice of Electronic Filing are attached hereto as Exhibit 1.

A TRUE COPY ATTEST

*Clerk of Courts*

Respectfully submitted,

MORTON HOSPITAL, A STEWARD FAMILY
HOSPITAL, INC.

By their Attorneys,

*/s/ Seth J. Robbins*
Howard M. Cooper, BBO #543842
hcooper@toddweld.com
Seth J. Robbins, BBO #655146
srobbins@toddweld.com
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
617-720-2626

Dated: February 8, 2022

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing Notice of Filing Notice of Removal was served by e-mail and first class mail upon the following counsel of record:

Stach Klein Verde, Esq.
Reservitz McClusky, PC
1325 Belmont Street
Brockton, MA 02301

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCIS J. VON MALDER on behalf
of Himself and Others Similarly Situated,

Plaintiff,

v.

MORTON HOSPITAL, A STEWARD
FAMILY HOSPITAL, INC., and MORTON
HOSPITAL AND MEDICAL CENTER,
INC.,

Defendants.

Civil Action No. _____

## NOTICE OF REMOVAL

Defendant Morton Hospital, a Steward Family Hospital, Inc., ("Morton") hereby removes

the above-captioned action, currently pending in Plymouth County (Massachusetts) Superior

Court, to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C.

§1446. The grounds for removal are as follows:

### Background

1.      Plaintiff Francis J. Von Malder ("Von Malder") filed his Complaint on January 13,

2022, in Plymouth County (Massachusetts) Superior Court ("State Court Action"). The case was

docketed with civil action number 2283-CV-00026. Von Malder filed an Amended Complaint on

January 25, 2022.

2.      On or about January 31, 2022, Morton was served with a package containing a

summons addressed to Defendant Morton Hospital and Medical Center, Inc.,[1] the Amended

Complaint, and other process and orders. Pursuant to 28 U.S.C. § 1446(a), a copy of the summons,

Amended Complaint, and other process and orders are attached collectively as **Exhibit A**.

---

[1] Defendant Morton Hospital and Medical Center, Inc. is not affiliated with Steward Health Care System LLC.

3.      Morton is entitled to remove the State Court Action at any time up to 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which the action is based.  28 U.S.C. § 1446(b).

4.      Morton's filing of this Notice of Removal is therefore timely, regardless of whether service has been properly effectuated.[2]

5.      As shown below, this case is removable to federal court based on federal question jurisdiction.  *See* 28 U.S.C. §§ 1331 (conferring jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States"), 1441(c)(1)A).

### Grounds for Removal

6.      The State Court Action is based on Plaintiff's allegations that his employment with Defendants was, at all times, "protected by a collective bargaining agreement," and that Defendants' "breached the Union Agreement" by failing to: (1) pay him (and his "co-workers") for all hours worked; and (2) comply with certain notice requirements before terminating his employment.  *See* Amended Complaint, ¶¶ 1, 7-23, 37-38, 43, 46-47.

7.      Based on these factual allegations, Plaintiff's Amended Complaint asserts three causes of action: (Count I) nonpayment of earned wages (M.G.L. c. 149), (Count II) breach of the "Union Agreement," and (Count III) wrongful termination.

8.      Plaintiff's claims, although framed as state law claims, trigger federal question jurisdiction under the complete preemption doctrine.  The doctrine of complete preemption "applies where a purported state law claim . . . is re-characterized as a federal claim such that it is

---

[2] By filing a Notice of Removal in this matter, Defendants do not waive their rights to object to service of process, sufficiency of process, jurisdiction over the person, or venue, and they specifically reserve their right to assert any defenses and/or objections to which they may be entitled.

said to arise under federal law and permit removal to federal court." *Rueli v. Baystate Health, Inc.*, 835 F.3d 53, 57 (1st Cir. 2016).

9.      Section 301 of the Labor Management Relations Act ("LMRA") gives jurisdiction to a federal court when the state law claims require the analysis and interpretation of provisions in a collective bargaining agreement. *See Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 17 (1st Cir. 2018).

10.     In the Amended Complaint, Plaintiff acknowledges and refers to provisions of the collective bargaining agreement that purport to support his claims, *i.e.*, that additional wages are owed and sufficient notice of termination was not provided. *See* Amended Complaint, ¶¶ 11, 12. Thus, the adjudication of Plaintiff's state-law claims require "interpretation of one or more provisions" of the operative collective bargaining agreement. *See Rose v. RTN Fed. Credit Union*, 1 F.4th 56, 61 (1st Cir. 2021), citing *Adames v. Executive Airlines, Inc.*, 258 F.3d 7, 11-12 (1st Cir. 2001).

11.     Accordingly, Plaintiff's claims, including for violation of the Massachusetts Wage Act, fall "within the LMRA's preemptive sweep" and are subject to removal. *Id.*; *see also Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 7-8 (1st Cir. 2012) (finding Wage Act claim preempted when "determining what (if anything) is owed" was an "inevitable issue" and would "depend[] at least arguably on interpretations and applications of the CBA"); *Rueli*, 835 F.3d at 57 ("Where plaintiffs bring multiple state-law claims based on the 'same nucleus of operative facts,' the court need only determine whether one of them is completely preempted and, therefore, removable. If so, the others may also be removed—even if they are not completely preempted, they will be subject to supplemental jurisdiction in federal court.") (internal citations omitted).

WHEREFORE, this action should proceed in the United States District Court for the District of Massachusetts, as an action properly removed thereto.

Respectfully submitted,

MORTON HOSPITAL, A STEWARD FAMILY HOSPITAL, INC.,

By its Attorneys,

/s/ Seth J. Robbins
Howard M. Cooper, BBO #543842
hcooper@toddweld.com
Seth J. Robbins, BBO #655146
srobbins@toddweld.com
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
617-720-2626

Dated:  February 7, 2022

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing Notice of Removal was served by email upon all counsel of record in the State Court Action on February 7, 2022.

Stach Klein Verde, Esq.
Reservitz McClusky, PC
1325 Belmont Street
Brockton, MA  02301

/s/ Seth J. Robbins
Seth J. Robbins

# Exhibit A

**L.S.**

| **Summons** | CIVIL DOCKET NO. 2283CV00026 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

CASE NAME:

Francis Von Malder                          Plaintiff(s)

vs.

Morton Hospital, A Steward Family
Hospital, Inc. and Morton Hospital
And Medical Center, Inc.          Defendant(s)

Robert S. Creedon, Jr.                    Clerk of Courts

Plymouth                                          County

COURT NAME & ADDRESS:

Plymouth County Superior Court

72 Belmont Street

Brockton, MA 02301

Morton Hospital and
THIS SUMMONS IS DIRECTED TO <u>Medical Center, Inc.</u>_____ (Defendant's name)
88 Washington Street, Taunton, MA 02780

<u>You are being sued.</u> The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the        Plymouth Superior        Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. <u>You must respond to this lawsuit in writing within 20 days.</u>

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, Plymouth Superior Court 72 Belmont Street, Brockton, MA 02301 (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
   1325 Belmont Street, Brockton, MA 02301

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

A True Attested Copy

_____ 1/31/22

RECEIVED
1/25/2022

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                SUPERIOR COURT DEPARTMENT
                                            BROCKTON DIVISION
                                            DOCKET NO: 2283CV00026

| | |
|---|---|
| FRANCIS J. VON MALDER on behalf of Himself and Others Similarly Situated, Plaintiff, | ) ) ) ) |
| VS. | ) ) |
| MORTON HOSPITAL, A STEWARD FAMILY HOSPITAL, INC., and MORTON HOSPITAL AND MEDICAL CENTER, INC., Defendants. | ) ) ) ) ) ) |

## AMENDED COMPLAINT

1. This is a wage class action and a breach of contract action in which the Plaintiff seeks an award of damages, injunctive relief, and attorney's fees and costs arising out of the Defendants' violations of the Massachusetts Wage Act and breach of the Agreement between Steward Healthcare System and 1199SEIU United Healthcare Workers East.

## PARTIES

2. The Plaintiff, Francis J. Von Malder, is a natural person with a usual place of residence in East Bridgewater, Plymouth County, Massachusetts.

3. The Defendant, Morton Hospital, a Steward Family Hospital, Inc., is a foreign corporation with a usual place of business at 1900 North Pearl Street, Suite 2400, Dallas, Texas, 75201 and a Registered Agent of C T Corporation System, 155 Federal Street, Suite 700, Boston, Suffolk County, Massachusetts, 02110.

1

4.  The Defendant, Morton Hospital and Medical Center, Inc., is a Massachusetts
    corporation with a usual place of business at 88 Washington Street, Taunton,
    Bristol County, Massachusetts, 02780.

## JURISDICTION AND VENUE

5.  Jurisdiction is proper in the Court because the Defendant regularly transacts
    business within the Commonwealth of Massachusetts.

6.  Venue is proper in Plymouth County because the Plaintiff resides in Plymouth
    County.

## FACTS

7.  Plaintiff was employed by Defendants from approximately December 1, 2018 to
    December, 2020.

8.  Plaintiff's primary job included, but was not limited to, environmental services.

9.  Until approximately July, 2020, Plaintiff was paid on an hourly basis at the rate of
    $15.30 for environmental services with provisions for a differential depending on
    his work schedule.

10. Plaintiff has been a member of 1199SEIU United Healthcare Workers East union
    ("Union") since the beginning of his employment with Defendants, on or about
    December 1, 2018.

11. The Union Agreement provides for the employer to be able to discipline, suspend,
    or discharge an employee for Just Cause only unless the employee is on
    probation.

12. The Union Agreement provides for an employee to be notified of a meeting being
    held prior to such discipline, suspension, or discharge.

13. Defendants had failed to fully compensate him, as well as his co-workers, for all
    hours worked.

14. The unpaid wages consist of $0.30 to $0.40 per week.

15. Plaintiff reported his claim of unpaid wages to his union representative.

2

16. In approximately July, 2020, Plaintiff was on leave from work as a result of a medical condition pursuant to 29 U.S.C., §2601 ("Family Medical Leave Act").

17. Plaintiff was ready to return to work on or about September 1, 2020 following his medical leave of absence.

18. Plaintiff called Defendants' Human Resources Department with respect to his return to work, but received no returned calls or correspondence.

19. In approximately November, 2020, Plaintiff attended and completed a work training which he paid to attend, however, he was never reimbursed by Defendants for said training.

20. In approximately January, 2021, Plaintiff discovered that Defendants had terminated his health insurance.

21. When Plaintiff contacted Human Resources about his health insurance, he was told that he had been terminated.

22. Plaintiff was never previously notified of his termination from employment.

23. At the time Defendants ceased payment of wages, Plaintiff had approximately 140 hours of vacation time in his bank.

24. Since approximately September, 2020, Plaintiff has submitted approximately sixty-six (66) job applications to Defendants through on-line applications.

25. Plaintiff has satisfied all prerequisites and conditions precedent necessary to seek remedy against the Defendant by this action. See Letter from Attorney General addressed to Francis J. Von Malder, attached hereto as Exhibit A.

26. The members of the Rule 23 class are readily ascertainable because the number and identity of the Rule 23 class members are determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23. This action is properly maintainable as a class action under Mass. R. Civ. P. 23(a)-(b).

27. The Rule 23 class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the Parties and the Court. Upon information and belief, there are at least 50, if not significantly more, Rule 23 class members for the pertinent period of time.

28. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 class member, and the relief sought is typical of the relief which would be

3

sought by each Rule 23 class member in separate actions. All the Rule 23 class members were subject to the same practices of Defendants, as alleged herein: failure to pay wages for all hours worked.

29. Plaintiff and other Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendants' failure to pay wages in compliance with Massachusetts Payment of Wages Law. Plaintiff and the Rule 23 class members have all been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' company-wide policies and practices affected all Rule 23 class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each of the Rule 23 class members. Although the amount of the individual class members' damages may vary depending on their periods of employment, those damages are readily ascertainable from the Defendants' financial records. As a result, common issues of liability predominate over individualized issues of damages.

30. Plaintiff is able to fairly and adequately protect the interest of the Rule 23 class members and have no interests antagonistic to the Rule 23 class members. Plaintiff is represented by attorneys who are experienced and competent in both employment litigation and class action litigation.

31. A class action is superior to other available methods for the fair and efficient adjudication of these claims, particularly in the context of wage-and-hour litigation where individual class members may lack the financial resources to vigorously prosecute a lawsuit against corporate defendants and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Among other things, individual adjudications would result in highly inefficient duplication of discovery, briefing of legal issues, and court proceedings. Moreover, in the absence of class action, the relatively modest amount of each class member's damages likely does not warrant separate legal action. If appropriate, the Court is empowered to fashion methods to efficiently manage this action as a class action.

32. Common questions of law and fact exist as to the Rule 23 class members that predominate over any question only affecting Plaintiff and the Rule 23 class members individually. These questions include whether the Rule 23 class members were paid for all hours worked.

33. Plaintiff seeks certification of a class of similarly situated employees, who worked for Defendants, in Massachusetts at any time within three years of the commencement of this action up through the time of judgment.

4

## COUNT I: MASSACHUSETTS WAGE ACT CLAIM AGAINST ALL DEFENDANTS

34. Plaintiff restates and alleges the averments contained in Paragraphs 1 through 33 and incorporate same by reference herein.

35. Defendants were Plaintiff's "employer" at all relevant times within the meaning of the Massachusetts Wage Act (M.G.L. c. 149) (referred to as Wage Act")

36. Plaintiff was an "employee" of the Defendants within the meaning of the Wage Act.

37. Defendants failed to pay wages to the Plaintiff for his work performed.

38. Defendants failed to pay all employees similarly situated to Plaintiff for all hours worked.

39. Defendants' failure to pay wages owed to Plaintiff and all other employees similarly situated as required by the Wage Act constituted outrageous conduct that was undertaken with either an evil motive or reckless indifference by the Defendants of the rights of Plaintiff and all other employees similarly situated.

40. As a result of the Defendants' violations of Massachusetts law set forth above, Plaintiff and all other employees similarly situated have incurred damages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

## COUNT 2. BREACH OF CONTRACT AGAINST ALL DEFENDANTS

41. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 40 and incorporates same by reference herein.

42. The Parties entered into the Union Agreement when Plaintiff began his employment with Defendants in December 2018.

43. Defendants breached the Union Agreement by failing to comply with the notice requirements before terminating Plaintiff's employment.

44. Plaintiff has been harmed as a result of Defendants' breach of contract in an amount to be determined at trial.

## COUNT III – WRONGFUL TERMINATION AGAINST ALL DEFENDANTS

45. The Plaintiff restates and realleges the averments contained in Paragraphs 1 through 44 and incorporates same by reference herein.

46. Massachusetts law forbids employers from terminating an employee protected by a collective bargaining agreement without just cause.

47. The Plaintiff was protected by the Union Agreement during his employment with Defendants.

48. The Defendants' termination of the Plaintiff violated Massachusetts law in that there was no just cause for said termination.

49. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all similarly situated employees request that this Court enter the following relief:

1. Certification of this case as a class action relating to violation of the Massachusetts Wage Act;

2. An award of damages for all wages and other losses to which Plaintiff and similarly situated employees are entitled;

3. Statutory trebling of all wage-related damages;

4. Back pay as a result of the termination of employment;

5. Attorneys' fees, costs, and interest; and

6. Such further relief as the Court deems fair and just.

## JURY DEMAND

Plaintiff demands a TRIAL BY JURY on all claims so triable.

Dated: <u>January 25, 2022</u>

BY HIS ATTORNEY,

Stacey Klein Verde, Esq.
BBO# 662917
Reservitz McCluskey, P.C.
1325 Belmont Street
Brockton, MA 02301
Tel. No.: (508) 588-5010
stacey@rmlawma.com

7

# Exhibit

# A



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

January 15, 2021

Francis Von Malder
47 Surrey Lane
East Bridgewater, MA  02333

RE: Steward / Morton Hospital

Dear Francis Von Malder:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Workers in Massachusetts have the right to sue their employers for some violations of wage and hour laws. This is called the worker's "private right of action." Workers who win their wage and hour cases in court have a right to collect triple damages, attorneys' fees, and court costs.

The Fair Labor Division receives and reviews thousands of complaints each year and must make difficult decisions about which cases it will pursue on the worker's behalf. We have reviewed your complaint and have decided not to investigate your complaint further. This is not a determination of the merits of your case. It does mean, however, that this Office will not be taking any further action on your complaint. **This is your Private Right of Action Letter.**

You may be able to pursue this matter through a private lawsuit, either on your own or with the assistance of a private attorney. There are strict deadlines for starting a lawsuit. The deadline (statute of limitations) for most wage and hour violations is three years. Workers who miss the deadline will not be able to sue.

**If you need help taking action, you may be interested in seeking free legal assistance at the next Wage Theft Clinic. A flyer with information about the Wage Theft Clinic is included.**

We would also like to refer you to the following resource who may be able to assist you:

National Labor Relations Board, Regional Office
10 Causeway Street, 6th Floor
Boston, MA 02222-1001
Phone: (617) 565-6700
Fax: (617) 565-6725
8:30am - 5:00pm ET



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

March 23, 2021

Francis Von Malder
47 Surrey Lane
East Bridgewater, MA 02333

RE: Steward / Morton Hospital

Dear Francis Von Malder:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Workers in Massachusetts have the right to sue their employers for some violations of wage and hour laws. This is called the worker's "private right of action." Workers who win their wage and hour cases in court have a right to collect triple damages, attorneys' fees, and court costs.

The Fair Labor Division receives and reviews thousands of complaints each year and must make difficult decisions about which cases it will pursue on the worker's behalf. We have reviewed your complaint and have decided not to investigate your complaint further. This is not a determination of the merits of your case. It does mean, however, that this Office will not be taking any further action on your complaint. **This is your Private Right of Action Letter.**

You may be able to pursue this matter through a private lawsuit, either on your own or with the assistance of a private attorney. There are strict deadlines for starting a lawsuit. The deadline (statute of limitations) for most wage and hour violations is three years. Workers who miss the deadline will not be able to sue.

**If you need help taking action, you may be interested in seeking free legal assistance at the next Wage Theft Clinic. A flyer with information about the Wage Theft Clinic is included.**

We would also like to refer you to the following resource who may be able to assist you:

Massachusetts Commission Against Discrimination (MCAD)
1 Ashburton Place, Suite 601
Boston, MA  02108
617-994-6000

RECEIVED 1/25/2022

| AMENDED<br>**CIVIL ACTION COVER SHEET** | **DOCKET NUMBER**<br>2283CV00026 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

COUNTY Plymouth Superior Court (Plymouth)

| Plaintiff      Francis Von Malder | Defendant: Morton Hospital, A Steward Family Hospital, Inc., and Morton Hospital and Medical Center, Inc. |
|---|---|
| ADDRESS:     47 Surrey Lane, East Bridgewater, MA 02333 | ADDRESS: 1900 North Pearl Street, Suite 2400, Dallas, TX 75201 |
| | c/o C T Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110 |
| | 88 Washington Street, Taunton, MA 02780 |
| Plaintiff Attorney:    Stacey Klein Verde, Esq. | Defendant Attorney: |
| ADDRESS:     1326 Belmont Street, Brockton, MA 02301 | ADDRESS: |
| BBO:      662917 | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION** (see instructions section below)

| CODE NO.<br>B99 | TYPE OF ACTION (specify)<br>Other Tortious Action | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>☒ YES   ☐ NO |
|---|---|---|---|

*If "Other" please describe:

Is there a claim under G.L. c. 93A?      ☐ YES   ☐ NO

Is there a class action under Mass. R. Civ. P. 23?      ☐ YES   ☐ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

| 1. Total hospital expenses | $0.00 |
|---|---|
| 2. Total doctor expenses | $0.00 |
| 3. Total chiropractic expenses | $0.00 |
| 4. Total physical therapy expenses | $0.00 |
| 5. Total other expenses (describe below) | $0.00 |
| | $0.00 |
| Subtotal (1-5): | $0.00 |
| B. Documented lost wages and compensation to date | |
| C. Documented property damages to date | $42,282.60 |
| D. Reasonably anticipated future medical and hospital expenses | $0.00 |
| E. Reasonably anticipated lost wages | $0.00 |
| F. Other documented items of damages (describe below) | $10,000.00 |
| | $0.00 |
| TOTAL (A-F): | $52,282.60 |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

wrongful termination and wage claim

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _[signature]_      Date: January 25, 2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _[signature]_      Date: January 25, 2022

**RECEIVED**   1/25/2022

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
BROCKTON DIVISION
DOCKET NO: 2283CV00026

FRANCIS J. VON MALDER on behalf )
of Himself and Others Similarly Situated, )
    Plaintiff, )
       )
VS. )
       )
MORTON HOSPITAL, A STEWARD )
FAMILY HOSPITAL, INC., and )
MORTON HOSPITAL AND MEDICAL )
CENTER, INC., )
    Defendants. )

## COUNSEL CERTIFICATION FOR DISPUTE RESOLUTION

I represent the Plaintiff in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part, "Attorneys shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent.

I hereby certify that I have complied with this requirement.

Stacey Klein Verde, Esq.
BBO#: 662917

Dated:  January 25, 2022

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2283CV00026 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Francis Von Malder vs. Morton Hospital, A Steward Family Hospital, Inc. et al | Robert S. Creedon, Jr., Clerk of Courts |
|---|---|

| TO: Stacey Klein Verde, Esq. Reservitz McCluskey, PC 1325 Belmont St Brockton, MA 02301 | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                  DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/13/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 05/13/2022 | |
| All motions under MRCP 12, 19, and 20 | 05/13/2022 | 06/13/2022 | 07/12/2022 |
| All motions under MRCP 15 | 05/13/2022 | 06/13/2022 | 07/12/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 11/09/2022 | | |
| All motions under MRCP 56 | 12/09/2022 | 01/09/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/08/2023 |
| Case shall be resolved and judgment shall issue by | | | 01/15/2024 |

**The final pre-trial deadline is** <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 01/13/2022 | ASSISTANT CLERK | | PHONE |
|---|---|---|---|

Date/Time Printed: 01-13-2022 14:37:29

SCV026, 08/2016

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Francis J. Von Malder on behalf of Himself and others Similarly Situated

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stacey Klein Verde, Esq., Reservitz McCluskey, P.C.
1325 Belmont Street, Brockton, MA 02301 (508)

## DEFENDANTS

Morton Hospital, a Steward Family Hospital, Inc., and Morton Hospital and Medical Center, Inc.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Howard M. Cooper, Esq.,Seth J. Robbins, Esq., Todd & Weld LLP, One Federal St., 27th FL, Boston, MA 02110

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☒ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1331

Brief description of cause:
Union member/employee sues employer for alleged breach of collective bargaining agreement

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$52,282.60

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
February 7, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Seth J. Robbins

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Francis J. Von Malder on behalf of Himself and Others Similarly Situated
   v. Morton Hospital, A Steward Family Hospital, Inc., and Morton Hospital and Medical Center, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local
   rule 40.1(a)(1)).

   ☐ I.   160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   ☑ III. 120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362,
          365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560,
          625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
          *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).   If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
   §2403)

   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☑   NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☑        Central Division ☐        Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
        residing in Massachusetts reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
   submit a separate sheet identifying the motions)

   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Seth J. Robbins

ADDRESS Todd & Weld LLP, One Federal Street, 27th Floor, Boston, MA  02110

TELEPHONE NO. 617-720-2626

(CategoryForm11-2020.wpd )

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCIS J. VON MALDER on behalf
of Himself and Others Similarly Situated,

Plaintiff,

v.

MORTON HOSPITAL, A STEWARD
FAMILY HOSPITAL, INC., and MORTON
HOSPITAL AND MEDICAL CENTER, INC.,
Defendants.

Civil Action No. 1:22-cv-10201

## DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1
### (Civil Action)

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant Morton Hospital,

A Steward Family Hospital, Inc., by its undersigned counsel, hereby submits the following

corporate disclosure:

Steward Health Care System LLC is the parent company of Defendant Morton Hospital,

A Steward Family Hospital Inc.  No parent, subsidiary, or affiliate of Defendant Morton

Hospital, A Steward Family Hospital Inc., has issued shares or debt securities to the public.

Respectfully submitted,

MORTON HOSPITAL, A STEWARD FAMILY
HOSPITAL, INC.

By their Attorneys,


/s/ Seth J. Robbins
Howard M. Cooper, BBO #543842
hcooper@toddweld.com
Seth J. Robbins, BBO #655146
srobbins@toddweld.com
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
617-720-2626

Dated:  February 7, 2022

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document was served by e-mail upon all counsel of record in the State Court Action on February 7, 2022.

Stach Klein Verde, Esq.
Reservitz McClusky, PC
1325 Belmont Street
Brockton, MA  02301


/s/ Seth J. Robbins
Seth J. Robbins

2

| From: | ECFnotice@mad.uscourts.gov |
| Sent: | Tuesday, February 8, 2022 10:03 AM |
| To: | CourtCopy@mad.uscourts.gov |
| Subject: | Activity in Case 1:22-cv-10201-ADB Von Malder v. Morton Hospital, A Steward Family Hospital, Inc. et al Notice of Case Assignment |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## United States District Court

### District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 2/8/2022 at 10:03 AM EST and filed on 2/8/2022

| | |
|---|---|
| **Case Name:** | Von Malder v. Morton Hospital, A Steward Family Hospital, Inc. et al |
| **Case Number:** | 1:22-cv-10201-ADB |
| **Filer:** | |
| **Document Number:** | 3(No document attached) |

**Docket Text:**
**ELECTRONIC NOTICE of Case Assignment. Judge Allison D. Burroughs assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Donald L. Cabell. (Finn, Mary)**

**1:22-cv-10201-ADB Notice has been electronically mailed to:**

Seth J. Robbins     srobbins@toddweld.com, dolson@toddweld.com

**1:22-cv-10201-ADB Notice will not be electronically mailed to:**

9

| **Summons** | CIVIL DOCKET NO.<br>2283CV00026 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

CASE NAME:

Francis Von Malder        Plaintiff(s)

vs.

Morton Hospital, A Steward Family
Hospital, Inc. and Morton Hospital
And Medical Center, Inc.    Defendant(s)

Robert S. Creedon, Jr.       Clerk of Courts

Plymouth            County

COURT NAME & ADDRESS:

Plymouth County Superior Court

72 Belmont Street

Brockton, MA 02301

Morton Hospital and
THIS SUMMONS IS DIRECTED TO <u>Medical Center, Inc.</u>     (Defendant's name)
88 Washington Street, Taunton, MA 02780

<u>You are being sued.</u> The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the    Plymouth Superior    Court.
                 **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. <u>You must respond to this lawsuit in writing within 20 days.</u>

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. How to Respond.

To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your signed original response with the Clerk's Office for Civil Business, Plymouth Superior Court 72 Belmont Street, Brockton, MA 02301 (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
           1325 Belmont Street, Brockton, MA 02301

3. What to Include in Your Response.

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

A TRUE COPY ATTEST

Clerk of Courts

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on January 25 , 20 22 (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

---

**Bristol County Sheriff's Office   P.O. Box 8928   New Bedford, MA 02742-0928 (508) 992-6631**
Bristol, SS

February 1, 2022

I hereby certify and return that on 1/31/2022 at 12:25 PM I served a true and attested copy of the Summons and Amended Complaint, Exhibit A, Civil Action Cover Sheet, Counsel Certification, Counsel Certification for Dispute Resolution, Civil Tracking Order, in this action in the following manner: To wit, by delivering in hand to Patricia Pfifer, agent, person in charge at the time of service for Morton Hospital and Medical Center, Inc., 88 Washington Street Taunton, MA 02780 . Attest Fee ($5.00) Basic Service Fee ($30.00) . Conveyance ($3.75) Copies ($2.00) Postage and Handling ($2.75) Travel ($14.40) Total: $57.90

**Deputy Sheriff Nelson Brum**

**Deputy Sheriff**