UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCIS J. VON MALDER on behalf of Himself and Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MORTON HOSPITAL, A STEWARD FAMILY HOSPITAL, INC., and MORTON HOSPITAL AND MEDICAL CENTER, INC.,<br>Defendants. | C.A. No. 1:22-cv-10201-ADB |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES the Plaintiff, Francis J. Von Malder on behalf of himself and other similarly situated, and respectfully requests that the Court deny Defendant, Morton Hospital, a Steward Family Hospital, Inc.'s Motion to Dismiss. In the alternative, Plaintiff requests the opportunity to amend the Complaint. In support thereof, Plaintiff states the following:

INTRODUCTION

This case comes out of an employment relationship between the Parties. Plaintiff worked in Environmental Services for Defendant[1] from approximately December 1, 2018 to approximately December 2020. Plaintiff went out on medical leave under the Family Medical Leave Act in July 2020. On or about September 1, 2020, Plaintiff was able to return to work. Despite contacting Defendant's Human Resources Department to inform them that he could return to work, Plaintiff was never contacted or put on the work schedule.

---

[1] Although Morton Hospital and Medical Center, Inc., is also named as a defendant; Plaintiff recognizes that through discovery and clarification of the identity of Plaintiff's employer, parties may be added or removed. Plaintiff's paystub identifies Steward Morton Hospital with an address at 88 Washington Street as the employer.

1

In January 2021, when Plaintiff went to a medical appointment, he was notified that his health insurance had been terminated. Although the Human Resources Department did not respond when Plaintiff wanted to return to work, it did respond to the inquiry about the insurance and told him that he had been terminated.

Plaintiff does not dispute that he was a member of the 1199SEIU United Healthcare Workers East Union, and that there was a collective bargaining agreement between the Union and Defendant. When he found out that he had been terminated, Plaintiff contacted his Union Representative, Melinda Marchetti. Ms. Marchetti contacted the Human Resources Department and was told that Plaintiff had resigned. She continued to try to work with Defendant, but was not receiving timely responses. On February 5, 2021, Ms. Marchetti told Plaintiff that she would file a grievance if the non-responsiveness continued. Eventually, a conference call was scheduled for February 11, 2021 between Plaintiff, Ms. Marchetti, and Human Resources. During the call Plaintiff was told that he needed to submit documentation regarding his ability to return to work. Despite having submitted the documentation twice, Plaintiff never received a response from Human Resources about returning to work. Ultimately, Ms. Marchetti also stopped responding to Plaintiff and never filed a grievance.

When Plaintiff reached out to Ms. Marchetti recently, he was told that the Union could no longer assist him.

## STANDARD OF REVIEW

It is well settled law that when considering a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations in the plaintiff's complaint as being true and all inferences in plaintiff's favor. See e.g. Cebollero-Bertran v. Puerto Rico Aqueduct and Sewer Authority, 4 F. 4th 63, 69 (1st Cir. 2021)(internal citations omitted). At the point of when a

motion to dismiss is considered, the plaintiff only needs to provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Luthy v. Proulx, 464 F. Supp. 2d 69, 72 (D. Mass. 2006) quoting Conley V. Gibson, 355 U.S. 41, 47 (1957). A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) only when "it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Luthy, 464 F. Supp. 2d. at 73, quoting Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998).

## PLAINTIFF'S CLAIMS SHOULD NOT BE DISMISSED BECAUSE HE HAS EXHAUSTED ALL OTHER OPTIONS.

It is undisputed that Plaintiff was employed by Defendant and was a member of the Union. It is also undisputed that the terms of Plaintiff's employment were controlled by the collective bargaining agreement between the Union and Defendant. However, Plaintiff's claims are based on the wrongful conduct of the Defendant, not of the Union.

As described above, Plaintiff attempted to follow the steps outlined on Page 4 of Defendant's Memorandum in Support of Its Motion to Dismiss. The lack of response from Defendant, as well as from the Union, has resulted in Plaintiff filing the instant Complaint with the Court.

In Fosbroke v. Emerson College, 503 F. Supp. 256 (D. Mass. 1980), the Court denied the defendant's motion to dismiss recognizing that it was the defendant's breach of the union contract that provided the plaintiff with a basis for recovery. The Court further stated that allegations of unfair representation by the union are a prerequisite to plaintiff's claims, plaintiff is not required to add the union as a party to the action.

In the instant matter, Plaintiff's claims against Defendant for violations of the Wage Act, breach of contract, and wrongful termination are all actions taken by Defendant that result in the

3

basis for Plaintiff's recovery. Plaintiff has sufficiently alleged facts to support that Defendant did not pay the proper wages under the Wage Act, that Defendant breached the Union contract by failing to provide Plaintiff notice of his termination, and that Defendant wrongfully terminated Plaintiff by failing to comply with the Union contract. Plaintiff acknowledges that additional facts must be alleged in order to comply with the prerequisite regarding allegations against the Union. Therefore, Plaintiff requests that Defendant's Motion to Dismiss be denied or that Plaintiff be allowed to amend the Complaint to add any necessary allegations.

## CONCLUSION

For all of the reasons stated above, the Defendant's Motion to Dismiss should be denied. In the alternative, Plaintiff requests the opportunity to amend the Complaint.

Dated: April 21, 2022

FRANCIS J. VON MALDER,
BY HIS ATTORNEY,

Stacey Klein Verde, Esq.
BBO# 662917
Reservitz McCluskey, PC
1325 Belmont Street
Brockton, MA 02301
Tel. No.: (508) 588-5010
stacey@rmlawma.com

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true copy of the within document was this 21st day of April, 2022 served upon the following parties:

    Howard M. Cooper, Esq.
    Seth J. Robbins, Esq.
    Lucia A. Passanisi, Esq.
    Todd & Weld LLP
    One Federal Street, 27th Floor
    Boston, MA 02110

SIGNED under the pains and penalties of perjury.

                                            Stacey Klein Verde, Esq.